428 So.2d 1153 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ronald James BRAXTON, Defendant-Appellant.
No. CR82-739.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1983.
C. Thomas Tolbert, Sulphur, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., Lake Charles, for plaintiff-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
FORET, Judge.

MOTION TO DISMISS
Defendant, Ronald James Braxton, pleaded guilty on June 21, 1982, to one count of aggravated burglary and to a second count of simple burglary of an inhabited dwelling. On September 27,1982, he was sentenced to fifteen years on the first count and to six years without benefit of probation, parole, or suspension of sentence on the second count. Both sentences are to run concurrently.
The defendant moved in proper person for an appeal on October 5,1982. Although recognizing that this was not a timely motion, the trial judge granted the motion for an appeal and set the return date for December 3, 1982.
The appeal was filed in this Court on November 30, 1982. Since the defendant was without the benefit of counsel at this time, this Court requested the district court to appoint counsel for the defendant before an order to show cause was issued. On December 16, 1982, Mr. Tommy Tolbert, who was defendant's court-appointed counsel prior to his plea of guilty, was appointed to represent defendant. On December 21, 1982, an order to show cause was issued ordering defendant to show on or before January 14,1983, why his appeal should not be dismissed as having been untimely perfected under LSA-C.Cr.P. art. 914.
This article requires:
A motion for an appeal may be made orally in open court or by filing a written *1154 motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.
Defendant was sentenced on September 27, 1982; however, he did not move for an appeal until October 5,1982, which is beyond the five-day requirement of art. 914. Notice is taken of the fact that defendant's motion for an appeal was taken in proper person, thus possibly explaining why it was not timely filed. Notice must also be taken that the trial judge attempted to correct the untimely filing, by granting the motion for an appeal despite the late filing. (Record p. 6). Despite this attempt by the trial judge, the motion was untimely filed. This is because a trial judge is without right or authority to extend the time within which the appeal may be taken. State v. Dartez, 222 La. 9, 62 So.2d 83 (La.1953).
The proper course of action would have been for the defendant to have applied to this Court for an out-of-time appeal. Uniform Rule 3-2.1 of the Courts of Appeal provides:
In a criminal action, a defendant who, without fault, has failed to timely take an appeal may, by written motion supported by affidavit, apply to the court for an order permitting the taking of a delayed or out-of-time appeal.
However, the defendant has not applied to this court for an out-of-time appeal.
Inasmuch as the defendant's motion for an appeal was untimely perfected under the requirements of LSA-C.Cr.P. art. 914, will be dismissed.
APPEAL DISMISSED.