433 So.2d 249 (1983)
STATE of Louisiana
v.
Timothy Eugene WROTEN.
No. 82 KA 1094.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*250 Ossie Brown, Dist. Atty., Baton Rouge by Leila Withers, Asst. Dist. Atty., for plaintiff-appellee.
Nathan Wilson, Baton Rouge, for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
Timothy Eugene Wroten was arrested on January 20, 1981 and charged with violation of La.R.S. 40:971, i.e., obtaining darvon and valium by fraud and deceit. He pled guilty as charged and was sentenced to three years at hard labor. On appeal, the defendant raises the following "Issues of Law":
I. What is the proper judicial interpretation of "State Rehabilitation Programs" referred to in Subsection B, Article 893, Louisiana Code of Criminal Procedure, in order for it to be operative within the intendment of the statute with the desired results being effected?
II. In order to further the effectiveness of our Criminal Justice System, not only in those cases which may qualify for consideration under the provisions of Articles 893 and 894, of the Louisiana Code of Criminal Procedure, with respect to sentencing, is it feasible and practical to require that pre-sentence investigations require input from the attorney who handled the defense, but not from his standpoint as defense attorney, but only in his capacity as an officer of the Court?
While the defendant argues that he should have been put on probation and required to participate as an out-patient in a state rehabilitation program, the trial judge, after due consideration rejected this argument, and sentenced defendant to three years at hard labor. The fact that defendant was being treated by the Baton Rouge Area Substance Abuse Clinic was taken into account by the trial judge; but due to the fact that the defendant had two prior convictions, the judge found that defendant was not a suitable candidate for probation. Wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits; in the absence of manifest abuse, his sentence will not be set aside as excessive. State v. Feeback, 414 So.2d 1229 (La.1982).
We find no abuse of discretion in the trial court's decision to sentence the defendant to confinement in the Department of Corrections rather than place him on probation, and accordingly, we affirm the sentence.
The defendant also argues that Article 875 of the Code of Criminal Procedure should be amended to require input from the defense attorney in his capacity as an officer of the court. This Article requires the probation officer making the presentence investigation to inquire into the circumstances surrounding the commission of the crime, the defendant's criminal history, his family situation and background, economic and employment status, education and personal habits. Any other matters deemed relevant must also be inquired into by the probation officer. We find that these requirements are sufficient, and note that the defense attorney here did in fact submit to the judge a supplement to the presentence report. Accordingly, this assignment of error lacks merit.
AFFIRMED.