448 So.2d 260 (1984)
STATE of Louisiana
v.
Robert COLLINS.
No. 83 KA 1170.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
William J. Guste, Jr., Atty. Gen., New Orleans, Ossie B. Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
M. Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The issue in this case is whether or not the sentence imposed upon defendant is excessive.
On June 15, 1982, at approximately 3:30 A.M., defendant was arrested by a security officer of a Baton Rouge apartment complex after he allegedly broke into a convertible sports car by cutting the plastic rear window. Defendant was charged by bill of information with the unauthorized use of a movable, a violation of La.R.S. 14:68; and, simple criminal damage to property, a violation of La.R.S. 14:56. Defendant pled not guilty and waived his right to a jury trial. Defendant was acquitted of the unauthorized use of a movable charge. He was convicted of simple criminal damage to property worth less than $500 and sentenced to serve six months in the parish *261 prison with 90 days of the sentence suspended. He was placed on unsupervised probation for a period of one year with the condition that he not be convicted of any criminal offense committed during the probationary period. Defendant appeals alleging, in his sole assignment of error briefed,[1] the trial court imposed an excessive sentence.
Defendant contends the trial court did not comply with Code Crim.P. art. 894.1 by failing to consider several mitigating factors raised in his behalf. The following mitigating factors were raised by defendant: (1) his actions caused damage to property but did not cause serious harm, (2) he has made restitution to the victim, and (3) imprisonment would cause him to lose his job and would impose a hardship on his dependants.
The structure of Code Crim.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances to determine whether or not to impose incarceration. The trial court is not required to articulate every such circumstance in imposing sentence, but the record must reveal the court adequately considered the guidelines enumerated in Code Crim.P. art. 894.1. State v. Parish, 429 So.2d 442 (La. 1983). In this case the court adequately considered the mitigating factors.
In citing reasons for imprisonment the trial court specifically mentioned the guidelines of Code Crim.P. art. 894.1. Noting the extensive arrest record of defendant, the court concluded defendant needed correctional treatment in a custodial environment. See Code Crim.P. art. 894.1(A)(2).
We note the trial court is vested with great discretion in imposing a sentence within statutory limits and such sentence should not be set aside as excessive absent a manifest abuse of this discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant faced a possible sentence of six months imprisonment and a fine of $500 for the crime of simple criminal damage to property. La.R.S. 14:56. The fact that the trial court allowed defendant a 90 day suspension from his six month prison term and did not impose a fine illustrates the trial court accorded proper weight to both the aggravating and mitigating factors in defendant's case. Furthermore, defendant's unsupervised probation, conditioned upon his not being convicted of a crime committed during probation, indicates the trial court's caution in tailoring the sentence to meet defendant's rehabilitational needs.
For the foregoing reasons we find no manifest abuse of the trial court's discretion. Accordingly, the sentence imposed by the trial court is affirmed.
AFFIRMED.
NOTES
[1] Assignment of error number 1 was not briefed and is therefore considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal.