457 So.2d 1264 (1984)
STATE of Louisiana
v.
Rayfield BANKS. (2 Cases)
Nos. KA 84 0296, KA 84 0297.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1265 Ossie Brown, Dist. Atty. by Ernest Smithling, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issues presented in this case are whether the trial court erred in denying defendant's motion to withdraw his guilty plea and whether the sentences imposed upon defendant are excessive.
Defendant, Rayfield Banks, was charged by separate bills of information with forgery and felony theft in violation of La.R.S. 14:72 and R.S. 14:67, respectively. Following a Boykin examination on April 22, 1982, the trial court allowed defendant to withdraw his previous pleas and accepted pleas of guilty to forgery and attempted felony theft.
Defendant failed to appear for sentencing for approximately seventeen months. He finally appeared in court with counsel on November 14, 1983. At that time he moved to withdraw his guilty pleas, claiming he had pled guilty to attempted forgery rather than forgery and that he had pled guilty pursuant to a plea bargain of which the trial court was unaware. Defense counsel also moved to withdraw as counsel of record at this time. The trial court denied both motions. Defendant was then sentenced to ten years at hard labor for forgery and one year in parish prison for attempted felony theft, both sentences to run concurrently. Defendant filed and was granted an out-of-time appeal in which he raises the above noted issues.
Initially, we note defendant's out-of-time appeal was not timely perfected. Defendant's December 9, 1983 motion for an out-of-time appeal was filed in the trial court after appeal delays had already lapsed. Code Crim.P. art. 914. The trial court was thus without jurisdiction to grant an appeal to defendant upon ex parte motion. State v. Davis, 457 So.2d 848 (La. App. 1st Cir.1984). However, we do not find it necessary at this time to dismiss this appeal as improperly granted, but prefer to treat this motion as an application for post conviction relief. La.Code Crim.P. arts. 924, 924.1; State v. Dorsey, 447 So.2d 636 (La.App. 1st Cir.1984). We will, therefore, treat defendant's motion as an application for post conviction relief. State v. Davis, supra.
Defendant contends the trial court erred in denying his motion to withdraw his guilty plea to the charge of forgery.[1] Specifically, defendant argues he believed a plea bargain had been made as to the forgery count, but realized at the sentencing hearing his attorney had not made such an agreement. He also argues the trial court was arbitrary in refusing to grant a hearing on his motion.
Whenever a guilty plea rests in any significant degree on an agreement or *1266 promise by the prosecutor so that it can be viewed as part of the inducement or consideration, such promise must be fulfilled, State v. Bosworth, 415 So.2d 912, 927 (La. 1982), on rehearing, or the defendant given an opportunity to withdraw the plea, State v. Lockwood, 399 So.2d 190, 193 (La.1981).
La.Code Crim.P. art. 559 provides in pertinent part "the court may permit a plea of guilty to be withdrawn at any time before sentence." Discretion to permit the withdrawal of a guilty plea is vested in the trial judge and defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. State v. Deakle, 372 So.2d 1221 (La.1979). It is not unreasonable for a trial judge to deny defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition the sentence is not to his liking. State v. Deakle, Id.
The record does not reveal the existence of any plea bargain in the present case. Defendant claims he pled guilty upon his attorney's advice that a plea bargain was possible and only realized at the sentencing hearing a plea agreement had not been made. There is no evidence, nor does defendant allege, he pled guilty on the basis of an actual plea bargain with the State or a justifiable belief that such a bargain with the State actually existed. Rather, defendant only alleges he pled guilty on his attorney's advice. He does not even make specific allegations regarding the contents of the agreement, if any, his attorney allegedly hoped to make, other than his belief that his maximum sentence would be one year. Accordingly, for the above reasons and particularly in view of the fact that the district attorney's office was clearly in no way involved in this alleged agreement, we find no abuse of discretion in the trial court's denial of defendant's motion. We do note, however, that in ruling on defendant's motion the trial court stated it was unable to look beyond the Boykinization. This statement is erroneous. The trial court could have ordered an evidentiary hearing. See e.g., State v. Andrasi, 343 So.2d 175 (La.1977). However, defendant did not request a hearing at the time and only now, in brief, argues as error the trial court's failure to grant a hearing. In any event, we conclude there was no need for an evidentiary hearing in the present case. The trial court was correct in its ruling, particularly since defendant does not now assert what evidence he could present at a hearing which would possibly alter the correctness of the trial court's decision. See State v. Lockwood, supra.
Defendant also contends the trial court erred in imposing an excessive sentence. Specifically, he argues the trial court failed to adequately comply with the guidelines of La.Code Crim.P. art. 894.1.
La.Code Crim.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in art. 894.1. State v. Collins, 448 So.2d 260 (La.App. 1st Cir.1984).
The trial court complied sufficiently with La.Code Crim.P. art. 894.1 in the present case. In pronouncing sentence the court cited in particular defendant's lengthy criminal record, his need for correctional treatment in a custodial environment and the lack of mitigating factors.
Wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits. In the absence of manifest abuse, a sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La.App. 1st Cir.), writ denied, 440 So.2d 731 (La.1983). In light of the reasons given by the trial court and the facts present, particularly defendant's extensive criminal record and his failure to show up for sentencing for a period of 17 months, we find no abuse of discretion in the sentences imposed.
*1267 For the above reasons, we dismiss defendant's application for post conviction relief.
APPLICATION DISMISSED.
NOTES
[1] Defendant contended at the sentencing hearing he had pled guilty to attempted forgery rather than to forgery. The trial court found, and correctly so, the transcript of the Boykinization clearly does not support this contention.