457 So.2d 848 (1984)
STATE of Louisiana
v.
Earnest DAVIS.
No. 84 KA 0169.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*850 Ossie Brown, Dist. Atty. by Ralph Roy, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Defendant, Earnest Davis, was charged with three counts of armed robbery in violation of La.R.S. 14:64. Defendant originally pled not guilty. On the first day of trial, the jury was selected and sworn. The next day, defendant, represented by retained counsel, informed the court he wished to plead guilty. After a Boykin examination, the trial court allowed defendant to withdraw his not guilty plea and accepted his guilty plea. On June 15, 1983, defendant appeared for sentencing and was represented by counsel from the public defender's office. Defendant's attorney informed the court that it was defendant's understanding at the time he pled guilty that the maximum sentence he would receive was fifteen years. The trial court noted that it did not recall any such agreement. The sentencing was postponed, and the court held a status conference with the prosecutor and defendant's retained counsel. On June 27, 1983, defendant reappeared with retained counsel for sentencing. The court stated that it had reviewed the matter and did not make any promises on the sentence. Defendant was sentenced on each count to eighteen years at hard labor, without benefit of probation, parole or suspension of sentence, but with credit for time served. Each sentence was to run concurrently. Defendant filed and was granted an "out-of-time" appeal by the trial court which raised two assignments of error:
1. The trial court erred in imposing an excessive sentence.
2. The trial court erred when it accepted an involuntary guilty plea.[1]

OUT-OF-TIME APPEAL
Defendant filed the motion for an out-of-time appeal on December 5, 1983, when the time for taking an appeal from his conviction had expired. La.C.Cr.P. art. 914. At the outset we note that a trial court is without authority to grant an out-of-time appeal ex parte due to lack of jurisdiction. State v. Braxton, 428 So.2d 1153 (La.App. 3rd Cir.1983). In Braxton, the Third Circuit held that when the record does not reflect the reason for the untimely appeal the proper course of action is for the defendant to apply to the Court of Appeal for an out-of-time appeal, citing Uniform Rule 3-2.1 of the Courts of Appeal, which provides:
In a criminal action, a defendant who, without fault, has failed to timely take an appeal may, by written motion supported by affidavit, apply to the court for an order permitting the taking of a delayed or out-of-time appeal.
The Second Circuit, however, specifically declined to follow Braxton, holding that an application for out-of-time appeal must always be presented to the trial court for a determination of its propriety. State v. Holmes, 440 So.2d 1384 (La.App. 2d Cir. 1983).
We note the stated conflict. However, it is our view that the proper handling of an out-of-time appeal depends on the circumstances of the application and there is no reason for a conflict between the circuits. The lapse of time for taking an appeal is jurisdictional. State v. Dartez, 222 La. 9, 62 So.2d 83 (La.1953); State v. Metoyer, 427 So.2d 93 (La.App. 3rd Cir. 1983). The trial court having lost jurisdiction *851 by the lapse of time to take an appeal cannot grant one out-of-time simply on ex parte motion. However, the appellate courts can do so, not under their appellate but under their supervisory jurisdiction. This is the reason for Uniform Rule 3-2.1.
The Louisiana Supreme Court recognized the "out-of-time appeal in State v. Simmons, 390 So.2d 504 (La.1980). However, the Simmons' situation is one where the claim is made that the defendant was unconstitutionally deprived of the right of appeal. As such, it is presented as an application for post conviction relief and must be handled by the trial court according to La.C.Cr.P. art. 924, et seq. The propriety of granting or denying the requested relief is then reviewable on appeal. Consequently, the distinction between Braxton and Holmes is whether the out-of-time appeal is applied for as post conviction relief or simply on ex parte motion. The former should be handled by the trial court. The latter can only be handled by the appellate court.
However, we do not find it necessary at this time to dismiss this appeal as improperly granted, but prefer to treat this motion as an application for post conviction relief. La.C.Cr.P. arts. 924, 924.1; State v. Dorsey, 447 So.2d 636 (La.App. 1st Cir. 1984). Defendant contends that his guilty plea was involuntary due to deprivation of anti-seizure medicine and therefore constitutionally infirm. He also contends that he received an unconstitutionally excessive sentence and is entitled to relief. We find both claims may be considered in an application for post conviction relief. La.C. Cr.P. art. 930.3(1).

ASSIGNMENT OF ERROR NUMBER 1
Defendant argues that the trial court's sentencing reasons reflect only the aggravating circumstances, and thus do not provide an adequate basis for the sentence.
The structure of La.C.Cr.P. art. 894.1 requires that the trial court weigh both aggravating and mitigating circumstances to determine whether or not to impose incarceration. The trial court is not required to articulate every such circumstance in imposing sentence, but the record must reveal the court adequately considered the guidelines enumerated in La.C. Cr.P. art. 894.1. State v. Collins, 448 So.2d 260 (La.App. 1st Cir.1984).
Wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits; in the absence of manifest abuse, his sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La.App. 1st Cir. 1983), writ denied, 440 So.2d 731 (La.1983).
Defendant received a sentence of eighteen years which is far less than the maximum sentence of ninety-nine years on each count. La.R.S. 14:64. In light of the trial court's reasons, particularly defendant's juvenile and adult criminal record, we find no abuse of the trial court's discretion.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that he was using anti-seizure medication two to three times daily prior to his trial. At the Boykin examination, when asked if he was on medication, defendant informed the trial court that his medicine had not been administered by authorities that day. During the colloquy defendant stated that the medicine did not affect his mind, and that his mind was clear. Defendant now argues in his brief that, although he "stated the medication did not affect his mind the anxiety over the deprivation of his anti-seizure medication for the duration of the jury trial was sufficient to render the guilty plea involuntary." Specifically, he contends that the trial judge could not know of the coercive effect of his fear of having a seizure in the presence of the jury during the trial.
In determining whether guilty pleas are knowing and voluntary, the court need not only look to the colloquy concerning the waiver of the rights but may also look at other factors which may have a bearing on its decision. State v. Buckenburger, *852 428 So.2d 966 (La.App. 1st Cir. 1983).[2]
A review of the record in the instant case reveals that the trial court gave defendant an opportunity to state if his plea was coerced. The colloquy between the court and defendant also indicates defendant informed the court that he was not administered his anti-seizure medicine. At no time did defendant indicate his subjective fear of having a seizure, nor did he indicate his plea was involuntary.
The record does not support defendant's allegation. Rather, the transcript shows that the trial judge was correct in accepting a guilty plea that was voluntary.
Therefore, this assignment of error lacks merit.

DECREE
For the foregoing reasons, we dismiss defendant's application for post conviction relief.
APPLICATION DISMISSED.
NOTES
[1] Originally, defendant filed only one assignment of error. Defendant was allowed to amend his assignments of error and added the assignment regarding the voluntariness of his guilty plea.
[2] Defendant states that there are continued references in the record to a plea agreement. These references, he argues, should prompt the court to look beyond the colloquy of the waiver of rights. He does not, however, contend that his plea was the result of an agreement that has been breached.