LANIER, Judge,
concurring.
On July 22, 1971, Melvin Washington was indicted by the St. Tammany Parish Grand Jury for the murder of Paul Cousin, Jr. on July 3, 1971. On August 19, 1971, he was arraigned in the presence of his court-appointed counsel and pled not guilty. The trial of this case was held on October 13-14, 1971, and the jury returned a verdict of guilty as charged.
On January 18, 1972, Washington was sentenced to death. The court minutes of January 18, 1972, indicate that after the sentence was imposed Robert Green made oral motions that he and Servando Garcia be recognized as counsel for Washington, Washington receive a transcript without charge and an appeal be taken in forma pauperis. The district court judge granted the motions provided they were filed in the record in written form in 24 hours. The record contains the following documents filed on January 18, 1972: (1) motion to be recognized as attorneys of record by Ser-vando Garcia and Robert Green (as employed counsel); (2) affidavit of indigency and court order directing the Police Jury of St. Tammany Parish to pay the expense for the record; and (3) motion to file appeal in forma pauperis. The order attached to the last motion provides that Washington “is hereby allowed to proceed with his appeal to the Supreme Court of the State of Louisiana in forma pauperis”.
On May 24, 1973, in a per curiam opinion, the Louisiana Supreme Court noted that counsel for Washington (Garcia and Green) conceded in brief that no formal appeal had been timely perfected and ordered the case stricken from its docket. It also noted (apparently as patent error) that the death penalty had been unlawfully imposed and remanded the case to the district court to resentence Washington to life imprisonment. State v. Washington, 278 So.2d 484 (La.1973). On July 17, 1973, the district court complied with the Louisiana Supreme Court’s order. Robert M. Green *854 represented the defendant at this proceeding.
On August 16, 1973, Washington filed an application for a writ of habeas corpus alleging he was denied his rights on arrest, the jury verdict was unconstitutional, the trial was not fair and an essential witness was sent beyond the jurisdiction of the court. This application was denied without a hearing on September 4, 1973.
On November 12, 1975, Washington filed a second application for a writ of habeas corpus alleging he was denied equal protection of the law because blacks were excluded from his jury, he was denied effective assistance of counsel because his trial counsel did not properly prepare for trial and he was denied the privilege against self-incrimination when advised by his counsel to take the stand. This application was denied without a hearing on November 18, 1975.
On September 7, 1983, Washington filed an application for post conviction relief alleging he was denied effective assistance of counsel because his attorney did not take a timely appeal, there was insufficient evidence to support a verdict of guilty because a specific intent was not proven beyond a reasonable doubt, he was denied due process by an unconstitutional charge to the jury on intent and he was improperly denied his right to appeal. An evidentiary hearing was held on this application on November 4, 1983. Washington testified he told his trial counsel (Gordon Goodbee) he wanted to appeal, he assumed an appeal had been taken, Goodbee was court-appointed counsel and Goodbee told him he would file an appeal and “would take it all the way to the Supreme Court if he had to.” No other witness was called to testify. The district court judge gave the following ruling:
Well, I think he prayed for more relief than that, however, this Court finds that due to the failure to take an appeal, timely take an appeal, and the defendant having not waived his rights to an appeal that some relief is in order, and the Court at this time grants relief of out of time appeal returnable to the appropriate Court, that would be the First Circuit Court of Appeal.
We concur in the result reached in the lead opinion because there was an eviden-tiary hearing held in the district court,[1] the defendant’s right to appeal is controlled by the law as it existed prior to the Louisiana Constitution of 1974, the State does not contest the district court’s ruling granting an “out-of-time” appeal, and the result is correct under the particular facts and circumstances of this case.
1. State v. Davis, 457 So.2d 848 (La.App. 1st Cir.1984).
CARTER, J., concurs.