WATKINS, Judge.
Defendant, Albert Boston, was indicted for second degree murder in violation of LSA-R.S. 14:30.1. Initially, he pleaded not guilty, but after a Boykin examination, the trial court allowed defendant to withdraw his plea. He entered a plea of guilty to a charge of manslaughter in violation of LSA-R.S. 14:31. Defendant was sentenced to three years at hard labor, with credit for time served from arrest date until bonded on this charge. Defendant now appeals his sentence.
*72 Defendant alleges that the trial court erred in failing to follow the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and in imposing an excessive sentence.
The structure of LSA-C.Cr.P. art. 894.1 requires that the trial court weigh both aggravating and mitigating circumstances to determine whether or not to impose incarceration. The trial court is not required to articulate every such circumstance in imposing sentence, but the record must reveal the court adequately considered the guidelines enumerated in art. 894.1. State v. Collins, 448 So.2d 260 (La.App. 1st Cir.1984).
In pronouncing sentence, the trial court stated that since this was defendant’s first felony conviction it would recommend that defendant be incarcerated at the facility for first offenders located at DeQuincy. The trial judge also stated that probation was not appropriate due to the seriousness of the crime and defendant’s previous criminal record. The court stated, however, that it considered the mitigating conditions under art. 894.1 and was imposing a sentence of three years at hard labor. The maximum sentence for manslaughter is twenty-one years imprisonment at hard labor. LSA-R.S. 14:31.
Wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits; in the absence of manifest abuse, a sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La.App. 1st Cir. 1983), writ denied, 440 So.2d 731 (La.1983). After reviewing the record, we find that the trial judge adequately considered the guidelines set forth in LSA-C.Cr.P. art. 894.1. Furthermore, as the sentence imposed was in the lower end of the sentencing range we do not find an abuse of the trial court’s wide discretion.
The conviction and sentence accordingly are affirmed.
AFFIRMED.