WATKINS, Judge.
Robert Sheppard and Clarence Sheppard were each charged by bill of information with simple burglary (LSA-R.S. 14:62) and tried in a consolidated trial (KA 84/0945). Each pled not guilty. Both defendants were found guilty as charged by a jury. They were also charged and adjudicated (KA 84/0946, KA 84/0947) as habitual offenders (LSA-R.S. 15:529.1). Each was sentenced to twelve years in the custody of the Department of Corrections. No appeal was taken at that time.
In February of 1984, defendants requested and were granted an out of time appeal to this court by the Louisiana Supreme Court. We then transferred the matter to the 19th Judicial District Court for appro *269 priate proceedings consistent with the order of the Supreme Court dated March 23, 1984. Final disposition of this matter in the 19th JDC occurred on May 30, 1984, which included appointment of counsel and fixing of return date to this court. This out of time appeal of consolidated cases KA 84/0945, KA 84/0946, KA 84/0947 is now properly before us.
Defendants’ appeals consolidated for purposes of this review urge eight assignments of error.
1. The defendant urges on appeal that the trial court committed error when it overruled defendant’s objection to the improper exclusion of blacks from the jury by the state.
2. The defendant urges on appeal that the trial court committed error when it overruled defense objection to hearsay evidence.
3. The defendant urges on appeal that the trial court committed error when it overruled defendant’s objection to the introduction of the preliminary hearing transcript.
4. The defendant urges on appeal that the trial court committed error when it overruled a defense motion for a directed verdict.
5. The defendant urges on appeal that the trial court committed error when it accepted a verdict of guilty based on insufficient evidence.
6. The defendant urges on appeal that the trial court committed error when it ruled the defendants to be habitual offenders.
7. The defendant urges on appeal that the trial court committed error when it imposed an excessive sentence.
8. The defendant urges on appeal that the .trial court committed error when it failed to comply with the sentencing requirements of LSA-C.Cr.P. art. 894.1.
Assignments of error 1 through 3 and 6 are not briefed and therefore are considered abandoned. Uniform Rules— Courts of Appeal; Rule 2-12.4. Assignments of error 4 and 5 are consolidated.
At midnight on July 22, 1980, Richard Michelli of the Baton Rouge City Police Department responded to a call concerning two men holding burglary suspects at gunpoint. When he arrived at the scene another police officer was already there. He observed three suspects standing at the back of a car being advised of their rights by Officer Lester J. David. In the back seat of the car were two stereo speakers and a stereo receiver; in the front, was a jewelry box, and a brown jug of money.
The first man to observe the burglary was Kelly Wayne Brister, a neighbor of the victim. He happened to be standing in his yard when he noticed a car circling the block four or five times. He then observed that the car pulled up to the victim’s house, half in the street, and half in the yard. Next he saw the doors of the car fly open and three men get out. One person appeared to “hit” the back door of victim’s house. Brister saw that they were attempting to gain entry into the house. At that point he turned back to his house to get his gun.
At approximately the same time, Frank Ashborne, another neighbor, was awakened by his dog. He then heard someone knocking at his- door. It was an employee of Brister. Ashborne got his shotgun, and went to the scene to assist Brister in apprehending the suspects.
One of the arguments proffered by the defense is that defendants were unwitting accomplices to a burglary committed by a third person, Silas Dorsey. They allege that they paid Dorsey for a ride to a movie and back, and did not know Dorsey had committed, or was committing a burglary. Defendant Clarence Sheppard testified:
He made a right off of Seneca Street, he pulled to the side of the road and I thought he was getting out, you know, to check his car so [sic] something like this
Q. Um-hum.
A. —Thought it was something — something was wrong with the car. And at that time he walked to some bushes and then he came out of the weeds on the side of the road with two, uh, two compo *270 nent set speakers. And by that time that’s when one of the, uh, — the man who held the gun on us, that’s when he walked out in the streets with his gun.
Defendants later testified that the whole process of loading the car took about one and one-half minutes, and that they never left the car. This is in direct conflict with the testimony of Brister. Officer David testified that the back door had been kicked in and the residence ransacked.
ASSIGNMENT OF ERROR NUMBERS 4 AND 5 (CONSOLIDATED):
Defendants consolidate alleged errors four and five for argument based on the allegation that the evidence was insufficient to convict.
At the close of the state’s case, defendants moved for a directed verdict of acquittal. The court denied such motion based on the premise that there is no right to a motion for directed verdict in a jury trial. The defendants cite LSA-C.Cr.P. art. 821 to buttress their position. That article provides for a motion for post judgment verdict of acquittal and would be a proper tool for raising sufficiency of evidence. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
A defendant is not entitled to a directed verdict of acquittal in a jury trial. LSA-C.Cr.P. art. 778; State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir.1984). Article 778 provides for acquittal after the close of the state’s evidence only in a bench trial if the evidence is insufficient to sustain a conviction. (Emphasis added) We note that in State v. Corkern, 461 So.2d 1238 (La.App. 1st Cir.1984), this court held that while defendant is not entitled to a directed verdict of acquittal in a jury trial the court will, nevertheless, review the substance of defendant’s allegation by treating the acquittal motion as a motion for a new trial. Thus we will review the sufficiency of the evidence as though it had been raised in the proper procedural context.
The standard for sufficiency of evidence is whether the evidence, viewed in the light most favorable to the State reasonably permits a finding of guilt. LSA-C. Cr.P. art. 821(B).
Herein, there is an eye witness to the burglary. He saw three men swarm the house and try to force open the back door. He had also seen a car circling the block four or five times. After he returned to the scene from getting his gun, he saw the back door of the house open, and two stereo speakers in the car.
Officer David also testified that the back door was open, having been kicked open, when he arrived on the scene. Robert Sheppard, on the other hand, testified that he and his brother were only sitting in the car, and that Dorsey had put the stolen goods in his car by running to some bushes. The jury chose to believe Brister and Officer David. Resolution of conflicting testimony on factual matters, based upon credibility of the witnesses, is a matter of the weight of the evidence rather than its sufficiency. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984), reversed in part on other grounds, 452 So.2d 1178 (La.1984). That case goes on to state:
This court is constitutionally precluded from acting' as a “thirteenth juror” in assessing what weight to give evidence— that determination rests solely on the sound discretion of the trier of fact. The trier of fact may accept or reject, in whole or in part, the testimony of any witness.
Norman, supra, at 249.
In this case the jury has decided to believe the state’s witnesses.
Errors four and five are without merit. ASSIGNMENTS OF ERROR NUMBERS 7 AND 8:
The seventh and eighth errors allege that the Court imposed an excessive sentence, and failed to follow sentencing guidelines as set forth in LSA-C.Cr.P. art. 894.1.
The Louisiana Supreme Court has held that Article 1, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment and that, although a sentence may be within statu *271 tory limits, it may violate a defendant’s constitutional rights. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive when it is grossly out of proportion to the severity of the offense, or when it makes no measurable contribution to the acceptable goals of punishment and it is nothing more than needless imposition of pain and suffering. La. Const, art. I § 20; State v. Freeman, 444 So.2d 243 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1076 (La.1984).
Defendants were found guilty of violating LSA-R.S. 14:62, simple burglary, which carries a penalty of a two thousand dollar fine, or imprisonment with or without hard labor for not more than twelve years, or both. Robert and Clarence Sheppard were adjudged habitual offenders. (LSA-R.S. 15:529.1). Robert Sheppard had two previous felony convictions and thus would be punished under LSA-R.S. 15:529.1A(2):
If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural 'life then,
(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
Clarence Sheppard was adjudged a second felony offender and would be subject to LSA-R.S. 15:529.1A(1):
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.
Therefore both Clarence and Robert Sheppard were subject to maximum terms of twenty-four years at hard labor. The judge examined defendants’ records and determined that the court had already tried to help defendants by putting them on probation, but with no obvious success.
In sentencing both defendants to twelve years at hard labor the court considered that defendants were an undue risk to society. Clarence Sheppard is the father of three children, and asked the court to consider that in sentencing. The judge did so, but felt that Clarence would be of little benefit to a family.
The trial court must weigh both aggravating and mitigating circumstances to determine whether or not to impose incarceration. The trial court is not required to articulate every such circumstance in imposing sentence, but' the record must reveal that the court adequately considered the guidelines enumerated in LSA-C.Cr.P. art. 894.1. State v. Boston, 460 So.2d 71 (La. App. 1st Cir.1984).
The judge satisfied the statutory criteria of LSA-C.Cr.P. art. 894.1. Article 894.1 further requires the trial judge to set forth for the record the considerations taken into account by him and the factual basis therefore when imposing sentence. See also State v. Flowers, 441 So.2d 1288 (La.App. 1st Cir.1983). That requirement has been satisfied in this case.
Accordingly, these assignments of error are without merit.
AFFIRMED.