479 So.2d 617 (1985)
STATE of Louisiana
v.
Brian Gary TAYLOR.
No. KA 85 0435.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Bryan Bush, Dist. Atty., Baton Rouge by Michael Erwin, Asst. Dist. Atty., for plaintiff-appellee.
Mike Mitchell, Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
Defendant, Brian Gary Taylor, was charged by bill of information with attempted second degree murder. At arraignment he entered a plea of not guilty. The bill was subsequently amended to attempted manslaughter, and defendant pled guilty to the reduced charge. He was sentenced to serve seven and one-half years at *618 hard labor, with an additional sentence of two years, to be served at hard labor and without the benefit of probation, parole or suspension of sentence or credit for good time.[1] He has appealed, urging two assignments of error, as follows:[2]
1. The trial court erred in denying defendant's motion to withdraw his guilty plea.
2. The trial court erred in imposing an excessive sentence and by failing to comply with the sentencing criteria of La. Code Crim.P. art. 894.1.
The incident from which this charge arises occurred outside of a lounge in East Baton Rouge Parish at approximately 2:15 a.m. At the preliminary hearing, the investigating officer testified he interviewed the victim, Daniel Robillard, and an eyewitness to the incident at a local hospital a few hours after the shooting. The witness stated she had casually dated defendant a few months previously. After the lounge closed, Robillard escorted the witness to her car and spoke to her for a few minutes. Without provocation, defendant walked up to him and shot him once in the neck, inflicting serious, but not fatal injuries. Both the victim and the witness were unaware of the motivation for the shooting, and claimed no previous verbal altercation had occurred.
Defendant was arrested at a motel in Slidell, Louisiana, the day after the shooting. Upon his arrest, defendant gave a statement admitting he shot Robillard, and stating he fled the area because he believed Robillard was dead. Defendant claimed the gun cocked accidently when he pulled it from his pocket. A .38 caliber Smith and Wesson revolver was seized from his motel room at defendant's arrest.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant argues the trial court erred in denying his motion to withdraw his guilty plea. He urges the plea was entered in good faith reliance on his attorney's representation that his sentence would not exceed six or seven years. He claims he believed the enhancement penalties of La.R.S. 14:95.2 would not be imposed.
Before accepting defendant's guilty plea, the trial court questioned him to determine if the. plea was voluntary or any promises had been made to defendant in exchange for his plea. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). During this colloquy, the penalty provision for attempted manslaughter was read and explained to him. The state then noted to the court the bill specifically charged the crime had been committed with a firearm and, after advising the court the enhancement features had previously been explained to defendant, further requested these provisions be outlined on the record. Without objection, the provisions of La.R.S. 14:95.2 were read to defendant, and he advised the court he understood them. Defendant then tendered his plea.
La.Code Crim.P. art. 559 provides in pertinent part "the court may permit a plea of guilty to be withdrawn at any time before sentence." Discretion to permit the withdrawal of a guilty plea is vested in the trial judge. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984).
The transcript of these proceedings shows the sentencing limitation defendant alleges was not derived from an agreement with the state or the trial court. At the hearing on defendant's motion to withdraw the plea, defendant's appellate counsel represented to the court he had been advised by trial counsel that, after conversations with the state and the court, he led defendant to believe the enhancement penalties would not be imposed and the sentence *619 would not exceed six or seven years. Neither defendant nor his trial counsel were called to establish a factual basis to support this belief.
In argument before the court, the assistant district attorney who had been present at the plea and read the enhancement provisions to defendant stated these possibilities had been explained to defendant and his trial counsel several times, and both were aware of the possibility they could be applied.
Defendant has never contended seriously an actual plea bargain or promise was made. There is no evidence in the record of any promise by the state in return for the plea. To the contrary, the record effectively illustrates the state's intention to preserve the possibility of an enhanced sentence through the careful amendment to the bill of information and the request for the enhancement penalties to be made a part of the Boykin colloquy. It is obvious any representation a limited sentence would be imposed must have arisen from a misunderstanding on the part of defendant's trial counsel.
Even assuming a misunderstanding occurred, defendant is not entitled to the relief he seeks. A misunderstanding does not have the same implications that a breached plea bargain has, including the right to withdraw the plea. State v. Lockwood, 399 So.2d 190 (La.1981); State v. Banks, supra. A misunderstanding by defense counsel of what sentence the court might impose, without a breach of a definite plea bargain, does not entitle defendant to withdraw a plea of guilty, particularly where the misunderstanding was not induced by representations by the state or the trial court. See State v. Burris, 443 So.2d 12 (La.App. 3rd Cir.1983); State v. Thomas, 434 So.2d 530 (La.App.2d Cir. 1983). It is not unreasonable for the trial court to deny defendant the opportunity to withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. State v. Deakle, 372 So.2d 1221 (La.1979); State v. Banks, supra. Accordingly, we find no abuse of discretion herein.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant urges the trial court imposed an excessive sentence and failed to comply with the sentencing criteria of La.Code Crim.P. art. 894.1.
La.Code Crim.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reflect adequate consideration of the guidelines articulated in art. 894.1. State v. Banks, supra.
The transcript of the sentencing hearing establishes the trial court carefully studied the effect of the sentence to be imposed on defendant. The court further noted the instant offense was committed while defendant was on probation for a prior felony, and very nearly resulted in his victim's death. We find the trial court complied sufficiently with La.Code Crim.P. art. 894.1 in imposing sentence.
Wide discretion is given the trial judge in the imposition of sentence within the applicable statutory limits. In the absence of manifest abuse, a sentence will not be set aside as excessive. State v. Banks, supra. In light of the reasons given by the trial court and the facts present, particularly the brutal nature of this unprovoked attack, we find no abuse of discretion in the sentence imposed.[3]
SENTENCE AND CONVICTION AFFIRMED.
NOTES
[1] Although the minutes of the sentencing do not reflect that the enhanced sentence was imposed without the benefit of credit for good time, the trial court did properly impose the sentence conditioned as such.
[2] Defense counsel improperly numbered the assignments of error in brief. We chose to follow the order in which the assignments are numbered in the record.
[3] This is the defendant's second felony conviction. Pursuant to La.Code Crim.P. art. 893 suspension of sentence is prohibited for a second conviction. Therefore, La.Code Crim.P. art. 893.1 is inapplicable because suspension of sentence is "otherwise prohibited."