ALFORD, Judge.
The defendant, Marion Pounds, was charged by bill of information with public bribery, in violation of LSA-R.S. 14:11s.[1] She filed a motion to quash the bill of *1121 information, which was denied by the trial court. Thereafter, the defendant pled guilty, reserving her right to appeal the denial of her motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). She received a sentence of two years at hard labor; however, the trial court suspended this sentence and placed her on active probation for a period of three years with the following special conditions of probation: the defendant must (1) pay a fine of $1,000.00 plus court costs; (2) pay costs of probation; (3) perform eight months (40 hours per week) of community service work at the Community Christian Concern Center in Slidell, Louisiana; and (4) report to the Washington Parish Jail every Saturday and Sunday for three months and perform work assigned by the Sheriff.
The defendant has appealed, alleging four assignments of error, as follows:
1. The trial court erred in denying the defendant’s motion to quash the bill of information.
2. The trial court erred in denying the defendant’s motion to quash the bill of information.
3. LSA-R.S. 14:118 is unconstitutionally vague and ambiguous in violation of both the Louisiana and U.S. Constitutions.
4. The trial court erred in imposing an excessive sentence.
Assignment of error number three was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
On November 30, 1984, Ulices Hopkins shot and killed his brother, Russell Hopkins, in an apparent hunting accident which occurred in Washington Parish. Ulices Hopkins was apparently arrested for negligent homicide. During the next two months, the Washington Parish District Attorney’s Office was evaluating its case against Ulices Hopkins. During this period, the defendant was a secretary at the Washington Parish District Attorney’s Office. Through her position as a secretary, the defendant learned that the District Attorney had decided that criminal proceedings would not be instituted against Mr. Hopkins. Thereafter, she contacted Mr. Hopkins and informed him that if he paid her $300.00 she would prevent him from being prosecuted. The District Attorney’s Office discovered this fact and tape-recorded a telephone conversation between the defendant and Mr. Hopkins in which she instructed him to bring $300.00 to the District Attorney’s office building and leave it in the bathroom.
After the defendant was arrested, she made a tape-recorded statement in which she confessed to the instant offense. She explained that she had only engaged in this criminal conduct because she had many debts which she could not pay and became desperate.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In these assignments of error, the defendant contends that the trial court erred in denying her motion to quash the bill of information. In assignment of error number one, the defendant argues that the bill of information should have been quashed because it was ambiguous, misleading, and failed to charge the defendant with all of the necessary elements of public bribery.
The instant bill of information provided, in pertinent part:
To the Honorable, the Twenty-Second Judicial District Court of Louisiana, sitting in and for the Parish of Washington, comes now into open court the undersigned District Attorney of the 22nd Judicial District of Louisiana, in the name and by authority of said State, informs the said Honorable Court:
That one Marion Pounds late of the Parish of Washington, on the 30th day of January, in the year of our Lord, one thousand nine hundred and eighty-five (1985), in the Parish of Washington aforesaid, and within the jurisdiction of the Twenty-Second Judicial District Court of Louisiana, for the Parish of Washington, (sic)
Unlawfully violated R.S. 14:118, public bribery, by taking Three Hundred and no/100 ($300.00) from Ulices W. Hop *1122 kins to prevent him from being prosecuted on Negligent Homicide charges, contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same.
The defendant points out that the bill of information did not state her position, such as public officer or employee, elected official, grand or petit juror, etc. The defendant also contends that the offense of public bribery requires a specific intent; and, therefore, the failure to include this element in the bill of information violated La.C.Cr.P. art. 472.[2] However, in State v. Gainey, 376 So.2d 1240, 1244 (La. 1979), the Louisiana Supreme Court stated: “[T]he indictment itself need not set out the detailed facts constituting the violation, since those facts can be given to the defendant by answers to a bill of particulars. If the indictment sufficiently identifies the conduct charged and the statute violated, a motion to quash will not be sustained.” Therefore, we conclude that the failure of the bill of information to state that the defendant was a public employee was not a fatal defect. Furthermore, without deciding whether or not the offense of public bribery requires a specific intent, we also conclude that the instant bill of information sufficiently complied with La.C.Cr.P. arts. 463[3] and 464 [4], and that it sufficiently identified the conduct charged and the statute violated. State v. Gainey, 376 So.2d at 1244. In assignment of error number two, the defendant contends that the facts of the case presented at the hearing on the motion to quash indicated that the defendant did not have the specific intent to commit public bribery. Specifically, defense counsel argues that the defendant did not actually accept this money with the specific intent of having her conduct influenced. In his brief, defense counsel explains that the defendant, a secretary at the Washington Parish District Attorney’s Office, could do nothing to influence the decision of whether or not the District Attorney would prosecute Ulices Hopkins, especially since the decision had already been made to drop the charges against him. However, the above argument is, in effect, an argument that there was insufficient evidence to prosecute the defendant under the public bribery statute.[5]
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, those which do not go to the merits of the charge. La.C.Cr.P. arts. 531-534; State v. Rembert, 312 So.2d 282 (La.1975). In a hearing on a motion to quash, the evidence is limited to procedural matters; the question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Rembert, 312 So.2d at 284; State v. Patterson, 301 So.2d 604 (La.1974); State v. *1123 Beauchamp, 510 So.2d 22, 25 (La.App. 1st Cir.), writ denied, 512 So.2d 1176 (La.1987).
For the above reasons, these assignments of error are meritless.
ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. Specifically, the defendant argues that special condition of probation number three is “burdensome and unreasonable”.
La.C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in Article 894.1. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir. 1984).
Reviewing the Article 894.1 guidelines, the sentencing record reflects that the trial court considered in detail both the aggravating and mitigating circumstances present in this case. Referring to the pre-sentence investigation, the trial court noted that the defendant did not have a prior criminal record. The trial court noted that she was not in need of a custodial environment and that she was unlikely to commit similar crimes in the future. However, the trial court noted that the defendant’s commission of the instant offense “tarnished [the criminal justice system] in the eyes of the general public”, and concluded that a lesser sentence would deprecate the seriousness of the offense. We find that the trial court thoroughly satisfied the criteria set forth in Article 894.1.
After considering the circumstances of the instant offense and weighing both the aggravating and mitigating factors, the trial court concluded that it would impose a suspended sentence and place the defendant on active probation for three years with certain special conditions of probation. In her brief, the defendant has only challenged special condition of probation number three, which required her to perform community service work at the Community Christian Concern Center for eight months (40 hours per week). She explains that, since she lives approximately 45 minutes away from Slidell, she will have to spend one and one-half hours in the car going to and returning from this public service work every weekday for eight months and that she will also be unable to pursue employment related activities during this eight month period. We are compelled to note that, as an alternative to the instant suspended sentence and term of probation, the trial court could have sentenced the defendant to a period of incarceration. For her conviction of public bribery, the defendant was exposed to a maximum sentence of five years at hard labor.
After reviewing the sentencing transcript and the pre-sentence investigation, we are convinced that the trial court carefully particularized the instant sentence to the defendant, especially when imposing special condition of probation number three. Therefore, we find no abuse of discretion by the trial court in imposing this suspended sentence and term of probation.
This assignment of error is meritless.
PATENT SENTENCING ERROR
Special condition of probation number two required the defendant to pay costs of probation. La.C.Cr.P. art. 895 A provides, in pertinent part: “When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision ...” (Emphasis ours). While the trial court required the defendant to pay probation costs, the trial court failed to set a specific amount for the payment of these costs.
We hold that, when a trial court is requiring a defendant to pay a supervision fee to defray the costs of probation supervision in accordance with La.C.Cr.P. art. 895 A, it must set a specific amount for such payments. La.C.Cr.P. art. 895.1 C *1124 provides, in pertinent part: “When the court places the defendant on supervised probation, it shall order as a condition of probation a monthly fee of not less than ten nor more than one hundred dollars payable to the Department of Public Safety and Corrections to defray the cost of super-vision_” (Emphasis ours.) Also see State v. Hardy, 432 So.2d 865 (La.1983). Therefore, although we affirm the conviction and sentence, we must remand the case to the trial court with instructions that a specific amount be set for the payment of the probation supervision fee in accordance with Article 895.1 C.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED FOR SETTING SUPERVISION FEE.
EDWARDS, J., concurs with reasons.

. LSA-R.S. 14:118 provides:
Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee; or
(2) Election official at any general, primary, or special election; or
(3) Grand or petit juror; or
(4) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.
(5)Any person who has been elected or appointed to public office, whether or not said person has assumed the title or duties of such office.
The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery.
Whoever commits the crime of public bribery shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.

. La.C.Cr.P. art. 472 provides:
In offenses requiring only a general criminal intent, the indictment need not allege that the act was intentionally done.

. La.C.Cr.P. art. 463 provides:
The information may be in substantially the following form:
In the (Here state the name of the court.) on the_day of_, 19__ State of Louisiana v. A.B. (Here state the name or description of the accused.).
X.Y., District Attorney for the Parish of _, charges that A.B. (Here state the name or description of the accused.) committed the offense of_, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the state of Louisiana and against the peace and dignity of the same.

. La.C.Cr.P. art. 464 provides, in pertinent part:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated....

. During the hearing on the motion to quash, the prosecutor and defense counsel stipulated that the District Attorney's file on Ulices Hopkins was found behind or inside another unrelated file folder in the defendant’s desk. Contrary to defense counsel’s argument that a secretary could have no influence in criminal prosecutions, this stipulation indicates that it might have been possible for the defendant to disrupt, delay, or even prevent a criminal prosecution by destroying, hiding, or deliberately misfiling the District Attorney’s criminal file. Of course, this issue would have been one for determination by the trier of fact.