GONZALES, Judge.
The defendant, Marion Pounds, was charged by bill of information with public bribery, in violation of La.R.S. 14:118. She filed a motion to quash the bill of information, which was denied by the trial court. Thereafter, the defendant pled guilty, reserving her right to appeal the denial of her motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). She received a sentence of two years at hard labor; however, the trial court suspended the sentence and placed her on supervised probation for a period of three years with the following special conditions of probation: the defendant must (1) pay a fine of $1,000 plus court costs; (2) pay costs of probation; (3) perform eight months (40 hours per week) of community service work at the Community Christian Concern Center in Slidell, Louisiana; and (4) report to the Washington Parish jail every Saturday and Sunday for three months and perform work assigned by the Sheriff.
The defendant’s conviction and sentence were affirmed by this Court and the case was remanded to the trial court for correction of a patent sentencing error regarding the probation supervision fee. State v. Pounds, 522 So.2d 1119 (La.App. 1st Cir. 1988). However, the Louisiana Supreme Court granted in part and denied in part her writ application. State v. Pounds, 526 So.2d 789 (La.1988). Specifically, the Louisiana Supreme Court found special condition of probation number three (requiring defendant to perform eight months of full-time community service work) to be excessive in that it “permits defendant no time to make a living.” 526 So.2d at 789. In all other respects, her writ application was denied. The case was remanded to the district court with instructions to amend the sentence.
On August 19, 1988, the defendant was resentenced. She received a sentence of two years at hard labor; however, the trial court again suspended the sentence and placed her on supervised probation for a period of three years with the following special conditions of probation: the defendant must (1) pay a fine of $1,000 plus court costs; (2) pay costs of probation; (3) perform five months (20 hours per week) of community service work at the Community Christian Concern Center in Slidell, Louisiana; and (4) upon completion of community service work, she must report to the Washington Parish jail every Saturday and Sunday for three months and perform work assigned by the Sheriff. On appeal,[1] the defendant urges, as her only assignment of error, that the trial court erred in imposing an excessive sentence.
The instant conviction arose from the defendant’s acceptance of a bribe during her employment as a secretary at the Washington Parish District Attorney’s Office. The facts of this offense were more fully detailed in State v. Pounds, 522 So.2d 1119 (La.App. 1st Cir.1988).
ASSIGNMENT OF ERROR NO. ONE:
In her sole assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. Specifically, she argues that the trial court failed to resentence her in conformity with the Louisiana Supreme Court’s directive. She concludes that special condition of probation number three, which now requires her to perform twenty hours of community service per week for a five month period is still unreasonable and will render her incapable of continuing her employment and providing for her family.
In its brief to this Court, the State notes that, at the resentencing hearing, the defendant failed to introduce evidence that special condition of probation number three “would prohibit her from engaging in any form of employment.” The State further noted that, “as far as the record discloses, appellant failed to show that she was working at all.” We agree with these observations by the State. Because no evidence whatsoever was introduced at the sentencing hearing in regard to the defendant’s current financial status and/or employ *321 ment, we simply cannot ascertain whether special condition of probation number three would interfere with her employment in such a manner that it would conflict with the Louisiana Supreme Court’s order. Accordingly, the instant sentence is vacated and the case is again remanded to the trial court for resentencing in accordance with the Louisiana Supreme Court's order in State v. Pounds, 526 So.2d 789 (La.1988), and with the following instructions. The trial court shall conduct a sentencing hearing to determine the defendant’s total economic status including, but not limited to, her total family income, assets, debts, etc. The trial court shall ascertain whether the defendant is employed, or will be employed, at the time such community service is to be performed. If so, the trial court shall determine whether such employment is necessary in light of the defendant’s economic status and shall investigate the nature and hours of such employment with a view toward determining the effect five months of community service (at twenty hours per week) at whatever location would have on such employment. At this hearing, the trial court may consider any and all information it considers relevant to a determination of the appropriate type, days, hours, location, and duration of community service to be imposed as a special condition of probation. Of course, if the trial court concludes that five months of community service (at 20 hours per week) will unduly restrict the defendant’s employment, it may alter the type, days, hours, location, or duration of such community service in order to comply with the Supreme Court’s order or it may find a suitable alternative to community service as a special condition of probation. The trial court may wish to order an updated presentence investigation report to aid it in making such a determination.
PATENT SENTENCING ERROR
Again we note patent sentencing error. Special condition of probation number two required the defendant to pay costs of probation. The sentencing transcript contained no further information on the amount of the probation supervision fee. However, the minutes indicate that the defendant was ordered to pay a monthly probation supervision fee between $10.00 and $100.00 in an amount to be determined by the Office of Probation and Parole. La.C. Cr.P. art. 895(A.) provides, in pertinent part: “When the court places a defendant on probation, it shall require the defendant ... to pay a supervision fee to defray the costs of probation supervision_” (Emphasis ours). While the trial court ordered the defendant to pay probation costs, it failed to set a specific amount for the probation supervision fee. See State v. Pounds, 522 So.2d 1119 (La.App. 1st Cir.), writ granted in part and denied in part, 526 So.2d 789 (La.1988). See also State v. Hardy, 432 So.2d 865 (La.1983). Accordingly, upon resentencing, the trial court shall set a specific amount for the probation supervision fee.
SENTENCE VACATED AND REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS FOR RESENTENCING.

. On April 4, 1989, this Court granted the defendant’s motion for an out-of-time appeal. State v. Pounds, KW 89 0483.