371 So.2d 801 (1979)
STATE of Louisiana, Appellee,
v.
Eugene JACOBS, Appellant.
No. 63609.
Supreme Court of Louisiana.
May 21, 1979.
Clayton M. Perkins, Jr., Kilbourne & Dart, St. Francisville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., A. Z. Butterworth, Sp. Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant escaped while confined at the state penitentiary at Angola. He was convicted of simple escape, La.R.S. 14:110, and sentenced to five years imprisonment at hard labor.
The single assignment of error urged by him on appeal centers upon the trial court's disallowance of his defense that his escape was made necessary by his need to get medical attention denied him by the prison authorities.
In particular, the trial court sustained state objections, as irrelevant, to defense questions: (a) to the warden, as to whether he had been apprised of the accused's need of medical attention and as to whether he had written a letter concerning this need; (b) to the prison physician, as to his knowledge of the medical records of the defendant; (c) to three inmates, as to their knowledge of the defendant's health; and (d) to the defendant himself, as to "in what way could you not get any medical attention?"

I.
In response to his counsel's question why he left the penitentiary, the defendant Jacobs replied: "I left because of a matter of self-preservation. I could not get any medical attention and was in dire need of it. The records speak to verify what I say."
The defendant thus sought to raise the defense of medical necessity as a justification for his escapeto admit the violation of the law by the escape, but to argue that under the special circumstances the act was not wrongful but was justified by the greater social and moral value of a need to save his own life; just as a prisoner's "escape" from a burning prison might be justified. See Gardner, The Defense of Necessity and the Right to Escape from Prison, 49 So.Cal.L.Rev. 110 (1975).
In perhaps the leading decision on this issue, the Supreme Court of South Carolina recognized this defense, in these terms, State v. Worley, 265 S.C. 551, 554-555, 220 S.E.2d 242, 243-244 (S.C., 1975):
Courts have been reluctant to consider a defense of necessity in escape cases based on prison conditions or lack of medical treatment. Sound reasons underly this policy. It is not the prerogative *802 of prisoners to decide escape is justified . Legal channels are available to contest inadequate treatment. If the defense of necessity was commonly available, the number of escape attempts would increase. Prisoners would risk later "prosecuting the prison" to justify leaving. Escapes would be encouraged even though they are dangerous to prison guards, officials and the public and are disruptive of prison routine. See State v. Palmer, 6 Terry 308, 45 Del. 308, 72 A.2d 442 (1950).
There possibly may be situations when a prisoner's dilemma is so serious an escape could be justified. If a prisoner is in need of emergency medical treatment to avoid death or immediate, serious permanent bodily injury, he may have a defense of necessity submitted to the jury. Certain minimum conditions are set forth as guidelines which must be satisfied before this defense is available.
(1) The prisoner must have informed prison officials of the condition, in writing, unless admitted by the prison officials, and have been denied professional medical care;
(2) There must not be time to resort to the courts;
(3) The escape must be without use or threat of use of force;
(4) The escapee must promptly seek professional medical treatment;
(5) The treating physician, or if he is unavailable, a physician responding to a hypothetical question, must testify the prisoner was actually in danger of death or immediate serious permanent bodily injury unless the prisoner was given prompt professional medical treatment;
(6) After seeing the physician, the prisoner must immediately surrender himself to the authorities. * * *
The limitations we have placed on availability of this defense are necessarily rigid. The prison administration and the courts remain the normal channel for a meritorious complaint. The demands of public safety and efficient running of the prison system must be balanced against the potentially meritorious assertion of a prisoner. The standard we have established attempts to accommodate both interests. It affords a prisoner who finds himself in unusual and dire circumstances a reasonable alternative to death or serious bodily injury. Likewise, it protects against assertions by those prisoners who would endanger prison life and public safety by escaping and fabricate charges of inhuman treatment or neglect as an afterthought to their flight from justice.

II.
We have recognized the defense of necessity (justification) for an escape when an inmate is faced with a specific and imminent threat of death, forcible sexual attack, or substantial bodily injury. State v. Boleyn, 328 So.2d 95 (La.1976). In so doing, we held that, before the defense may be considered, a foundation must be presented outside the presence of the jury showing these circumstances and that there is no practical remedy by complaint to the prison authorities or by resort to the courts.
While the rulings here complained of prevented the defendant from elaborating on his claimed defense, he did state to the court, outside the presence of the jury, that "I have concrete evidence in the record that there are doctors who recommended me for Charity Hospital for examinations and x-rays and otherwise. I am still being deprived of medication."
The circumstances summarized by the prisoner, as well as the questions to which state objection was sustained, seem to indicate that further medical attention and examination was recommended by doctors, but that the prisoner was not in need of emergency medical attention in order to preserve his life or to avoid immediate serious bodily injury. There is no indication that resort to the courts would not have afforded timely relief.
Under these circumstanceseven if we were to permit the defense of justification for an escape by dire medical necessity, the defendant would not be entitled in this case to present this defense to the jury.
*803 We therefore find no error in the trial court's rulings and, consequently, affirm the conviction and sentence.
AFFIRMED.
DIXON and CALOGERO, JJ., dissent.