470 So.2d 648 (1985)
STATE of Louisiana
v.
Linton Joseph HIGGINBOTHAM.
No. 85 KA 0246.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*649 William G. Yates, Asst. Dist. Atty., Houma, for State of La.
Ronald DeWhirst, Houma, for Linton Joseph Higginbotham.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
Defendant, Linton Joseph Higginbotham, was charged by bill of information with attempted burglary of an inhabited dwelling in violation of LSA-R.S. 14:27 and 14:62.2. He subsequently entered a plea of guilty to the offense of attempted simple burglary in violation of LSA-R.S. 14:27 and 14:62 on January 26, 1984. A pre-sentence investigation was ordered, and on March 23, 1984, defendant was sentenced to serve four years at hard labor with the Department of Corrections. No appeal was timely perfected, and there was no timely notice of intention to appeal. LSA-C.Cr.P. art. 914.
On September 19, 1984, defendant filed a pro se motion entitled "Application for Writ of Habeas Corpus."
On October 31, 1984, a hearing on the pro se motion for habeas corpus was held, and the trial court found that there was authority to hold defendant and denied the writ. At the hearing on the motion for habeas corpus, the record reflects the following dialogue:
MR. YATES: I would refer the Court and defense counsel to Article 924.1, Effective Appeal. This is under post-conviction relief, Your Honor. `An application for post-conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending.' I would suggest that the proper vehicle is an application for appeal, complaining of the excessiveness of the sentence.
THE COURT: Right. Why don't you take it by appeal? If you lose on appeal you still have the right to post-conviction relief at any time.
MR. YATES: And then if you want to you can go habeas corpus, all the way up the (sic) the United States Supreme Court.
THE COURT: Right. His motion for writ of habeas corpus is denied. You're free to step down, Mr. Daigle.
(WITNESS EXCUSED)
MR. DEWHIRST: And if we understand the Court's ruling, Your Honor, this will be an out of time appeal .....
MR. YATES: Judge, I've got to object to him making an application for an appeal. If he wants to make his application, finejust get on with it.
THE COURT: I don't think Judge Ellender will deny you that right if you present it to him. If he does, then you take writs on him. And the Court of Appeals or the Supreme Court can accept it on writs or on appeal, either way. They have the authority to decide it.
MR. YATES: Judge, are you continuing the appointment of Mr. Voisin?
THE COURT: Yesor Mr. Dewhirst rather.
MR. YATES: So you're substituting Mr. Dewhirst for Mr. Voisin for purposes of the appeal?
THE COURT: That's correct.
MR. YATES: Do you want to establish a certain amount of time to make an application for an appeal?
THE COURT: How much time do you need? Would fifteen days be enough?
MR. DEWHIRST: I'm unfamiliarI'd like to look at the record......
THE COURT: I'll be fair with you: bow (sic) about thirty days?
*650 On the same day (October 31st) upon motion of Mr. Ronald DeWhirst, counsel for defendant, there was an oral motion of appeal returnable on November 30, 1984.[1] On February 6, 1985, there was a written motion for appeal filed, and an order of appeal was granted to defendant "as to sentence only returnable to the First Circuit Court of Louisiana on or before the 15th day of February, 1985." This order was signed by the district court judge on December 19, 1984, but was not filed until February 6, 1985.
A trial court is without authority to grant an out-of-time appeal ex parte due to lack of jurisdiction. State v. Counterman, 461 So.2d 664 (La.App. 1st Cir.1984); State v. Davis, 457 So.2d 848 (La.App. 1st Cir. 1984); State v. Braxton, 428 So.2d 1153 (La.App. 3rd Cir.1983).
Therefore, the trial court was in error in holding that defendant was entitled to an out-of-time appeal and erred in granting the out-of-time appeal.
However, the allegations in the defendant's "Application for Writ of Habeas Corpus" are: (1) he did not knowingly and voluntarily enter a plea of guilty; (2) ineffective assistance of counsel, including a claim that he was "not apprised of collateral options to set aside the unexpected sentence"an appeal; (3) failure to follow Code of Crim. Procedure Art. 894.1; and, (4) excessive sentence. Although this is labeled an "Application for Writ of Habeas Corpus," the relief actually sought by petitioner is more in the nature of an application for post-conviction relief pursuant to LSA-C.Cr.P. art. 924 et seq., and the matter set forth in the application should have been considered as an application for post-conviction relief. Therefore, this case is remanded to the district court to be treated as an application for post-conviction relief, for an answer by the state, and an evidentiary hearing on defendant's claim for post-conviction relief pursuant to LSA-C.Cr.P. art. 924 et seq.
Therefore, for the above reasons the appeal is dismissed, and the case is remanded to the district court for proceedings consistent with the views expressed herein.
APPEAL DISMISSED, CASE REMANDED.
NOTES
[1] Notice erroneously provided that the appeal was returnable to the Honorable Judge Wilmore J. Broussard, Jr. on November 30, 1984.