JOHN S. COVINGTON, Judge.
Danny Schell (defendant) was charged by bill of information with simple escape from the Louisiana State Penitentiary at Angola, a violation of LSA-R.S. 14:110(A)(1). Defendant pled not guilty. Schell was tried by jury with Francis Serigny[1] following the trial court’s granting of their joint motion for consolidation. Defendant was convicted as charged and sentenced to a five year term of imprisonment at hard labor, to be served consecutively with any sentence he was then serving.
Defendant brings this appeal urging four assignments of error:
(1) The jury should have found defendant’s criminal conduct justified because evidence introduced at trial established the defense of necessity for the escape.
(2) Sufficient evidence was not introduced by the state to rebut the defense of necessity.
(3) Reversible error was committed by the trial court by failing to allow the jury to review a letter rebutting the asserted penitentiary policy that a prisoner is immediately removed to protective custody when he is threatened.
*171 (4) The maximum sentence imposed for the offense is excessive.
The record reveals that during the evening of April 22, 1985, defendant, Francis Serigny, and an inmate, namely Schexnay-der, all housed in Camp H dormitories of Louisiana State Penitentiary at Angola, were granted permission to make telephone calls. A few moments later, three inmates were observed jumping from the roof of the Camp H kitchen by a tower guard assigned to Camp H. The guard ordered the prisoners to halt and fired one warning shot. As the inmates continued their escape across the road into the field towards the back of the main prison, two other shots were fired. At that time, the chase team was activated; and bloodhounds were put on the trail of the escaped inmates. On April 23, 1985, inmate Schexnayder[2] was located on the levee between the pumping station and the front gate of the prison. Defendant and Francis Serigny were apprehended on April 24, 1985, at Clark’s Creek in Fort Adams, Mississippi.
ASSIGNMENTS OF ERROR NUMBERS ONE, TWO AND THREE
By means of assignments of error numbers one and two, defendant contends that the evidence presented in this case does not support his conviction of simple escape as the unrebutted evidence presented at trial established the necessity for the instant escape.
A limited defense of justification for escape by an inmate has been recognized when the inmate is faced with a specific threat of death, forcible sexual attack, or substantial bodily injury in the immediate future. State v. Boleyn, 328 So.2d 95 (La.1976). Before the defense may be considered, a foundation should be presented outside the presence of the jury demonstrating the immediate threat and that there did not exist a practical remedy by complaint to the prison authorities or by resort to the courts. Other conditions for application of the defense require that the defendant not hurt anyone as a result of the escape and that he report to the proper authorities when he attains a position of safety from the immediate threat. State v. Boleyn, supra.
Rigid limitations on the defense of justification have been imposed by the courts in order to ensure that the prison administration and the courts remain the normal channels for a meritorious complaint. State v. Jacobs, 371 So.2d 801 (La.1979). These requirements protect against assertions by those prisoners who would endanger life and public safety by escaping and then fabricating charges as an afterthought to their flight.
Since “justification” defenses are not based on the nonexistence of any essential element of the offense, but rather on circumstances which make the accused’s conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence. State v. Cheatwood, 458 So.2d 907 (La.1984). In reviewing a conviction in which a defendant offers evidence tending to establish the affirmative defense of justification, an appellate court must determine whether a rational trier of fact could have concluded by a preponderance of the evidence, viewed in the light most favorable to the prosecution, that defendant’s escape from lawful custody did not result from necessity. State v. Cheatwood, supra. Evidence in the present case, viewed in the light most favorable to the prosecution, clearly preponderates in favor of the conclusion that defendant was not justified in escaping from his lawful confinement at Louisiana State Penitentiary at Angola.
In the instant case, the trial court did not require the defense to lay a proper predicate out of the presence of the jury. Rather, defendant and Serigny were allowed to testify at length concerning the alleged *172 necessity for their escape. Defendant testified that he received two anonymous notes in the few days immediately preceding his escape. The contents of each note warned him to “catch out or die.” Defendant acknowledges that he did not communicate the instant threats to anyone other than Serigny. Defendant maintains that ordinary delays attendant to operation of the judicial system rendered such an approach unresponsive to the immediacy of his problem. In addition, defendant did not communicate the instant threats to any member of the security force at Angola because one security officer had approached him in March of 1985 and asked him to distribute contraband to other inmates. Under cross-examination, defendant identified that officer and acknowledged that he was not on duty on the day he escaped.
Although no one was hurt during or as a result of the instant escape, the record does not reveal that defendant immediately reported to the proper authorities when he had attained a position of safety from the immediate threat. Sgt. Johnny Dixon, who participated in the chase team, testified that he observed defendant and Francis Serigny sitting on the bank of the Mississippi River near Clark’s Creek after having been alerted to their location by a passing fisherman. When approached by the chase team, defendant got up and started walking away. His retreat was aborted when Dixon pulled his pistol. In addition, when questioned by members of the chase team, defendant and Serigny initially attempted to conceal their true identities.
In the alternative, defendant urges by means of assignment of error number three that he would have prevailed in his defense of necessity of escape had the trial court allowed him to introduce into evidence a letter written by him to prison authorities subsequent to the instant escape. The disputed letter, dated August 8, 1985, was addressed to Major Cologne, a prison official. During direct examination of defendant, defense counsel sought to introduce the letter, over the prosecutor’s objection, in order to buttress defendant’s assertion that an inmate is not always moved immediately to protective custody when he is in imminent danger. Out of the presence of the jury, the trial court ruled the letter inadmissible. In reasons for its ruling, the trial court found the letter to be without relevance to the instant charge and entertained grave reservations that the letter had come to the attention of the proper authorities.
To be admissible in a criminal proceeding, evidence must be relevant to a material issue. LSA-R.S. 15:435. Relevant evidence is that tending to show the commission of the offense and the intent. LSA-R.S. 15:441. The trial court is vested with wide discretion in determining the relevancy of evidence. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Dufrene, 461 So.2d 1263 (La.App. 1st Cir.1984).
We find no abuse of discretion on the part of the trial court. Defendant’s letter does not tend to show that communication to prison authorities of the alleged threatening notes received prior to his escape would have been futile. Moreover, defendant admitted that when the disputed letter was written, he had already been removed from the general prison population and was housed in Camp J, an individual locked cell block facility.
For the foregoing reasons, these assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
By means of this assignment, defendant contends that the trial court erred when it imposed an excessive sentence.
The Code of Criminal Procedure sets forth the items which must be considered by the trial court before passing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guide *173 lines. State v. Davis, 448 So.2d 645 (La.1984).
A review of individual excessiveness is considered in light of the criteria expressed by article 894.1, the circumstances of the crime and the trial court’s stated reasons and factual basis for the sentencing decision. State v. Cox, 369 So.2d 118 (La.1979). Given compliance with the sentencing criteria of Louisiana Code of Criminal Procedure article 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
A review of the record in this case reveals that the trial court particularized the sentence, considering mitigating and aggravating factors as set forth in article 894.1 as they apply to defendant. Defendant’s criminal record illustrates his total lack of respect and continued defiance against authority. In particular, the trial court noted that one of defendant’s prior convictions arose from an attempted aggravated escape from parish prison. Thus, defendant’s prior conduct strongly indicates that, in the absence of a stringent sentence, the same conduct is likely to recur. We recognize that defendant’s escape did not, in the instant case, cause serious harm. Nevertheless, imposition of a lesser sentence would not discourage this individual from attempting to escape from Angola in the future.
Finding no manifest abuse of discretion by the trial court in imposing sentence, this assignment of error is without merit.
AFFIRMED.

. The simple escape conviction of Francis Serig-ny has been reviewed by this court under docket number KA 85 1551.

. The record herein does not reflect the ultimate disposition of the charge against inmate Schex-nayder.