614 So.2d 1326 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Gary D. SLAID, Defendant-Appellant.
No. CR 92-1010.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*1327 David Wayne Burton, De Ridder, for the State of La.
Charles A. "Sam" Jones, III, for De Ridder, Gary D. Slaid.
Before DOUCET, YELVERTON and WOODARD, JJ.
WOODARD, Judge.
The defendant, Gary Dewayne Slaid, was charged by bill of information with simple escape, a violation of La.R.S. 14:110A(1). A jury was selected to hear defendant's case, but after the trial court ruled against defendant's request to present a defense of justification, defendant changed his "not guilty" plea to "guilty". A presentence investigation report was ordered, and on June 30, 1992, defendant was sentenced to forty-eight months, four years, at hard labor to be served consecutively to any other sentence the defendant was serving.
On appeal, defendant raises five assignments of error concerning the pretrial ruling on the defense of justification, the Boykinization of defendant, and the sentence imposed upon defendant.

FACTS
The defendant was an inmate at the Louisiana Correctional and Industrial School, LCIS, in DeQuincy, Louisiana, having previously been convicted of possession of marijuana with the intent to distribute. Defendant arrived at LCIS in December of 1986, and escaped on May 25, 1987. Defendant turned himself over to authorities in Taft, California, on January 1, 1991, and was returned to Louisiana on January 17, 1991.
After the selection of the jury for the charge of simple escape, the trial court conducted a hearing out of their presence so that defendant could lay a proper foundation for presenting evidence to support his defense of justification.
The defendant testified that his problems at LCIS began in his first day in December of 1986. As a result of the State's objection, defendant was not allowed to testify further about the problems that began in December of 1986, six months before his escape, but was limited to those problems arising immediately before May 25, 1987. Defendant then testified that on May 25, 1987, three different inmates threatened him: the defendant has been in fights and had received threats previously, but the ones he received on May 25th were different. One of the inmates who threatened defendant showed him a homemade knife and told defendant "if he didn't find another place to live by count time, that it would be (his) turn that night." Defendant testified these fights resulted from him trying to protect some young boys, who were also inmates, from being homosexually raped and molested by other inmates.
The State objected to the relevancy of other inmates being raped and asked that the evidence be limited to threats to the *1328 defendant, which objection was sustained by the court.
When the defendant was asked why he had not reported the problem to the authorities. The defendant responded that he saw what happened to the other inmates who had reported were beaten, slapped and further threatened. If an inmate was placed in protective custody, he stayed there only four or five days and was then returned to the general prison population.
Defendant admitted he never reported the threats to the prison authorities, nor requested protective custody, except that he claimed he spoke with a Sergeant Harris who told defendant he also admitted he was not aware of any recourse to the courts. Defendant's fear was that if he went to the warden and requested protective custody, he could be turned down, or if he were transferred to another institution, he would again "be confronted with some of these men."
Defendant told the court that one week after his escape, he spoke with "Frenchie" Lambert, the Sheriff of DeSoto Parish, and he decided to wait until the men who had threatened him were out of LCIS, either because they had served their time or had been transferred to other prisons. Defendant waited three years and eight months to turn himself in to authorities in Taft, California.
After the defendant finished testifying, the State suggested to the court that there was no need to go further with other witnesses since defendant destroyed his opportunity to lay a foundation for the justification defense by testifying he waited over three years to turn himself in. After hearing argument of counsel, the trial court agreed that the defense of justification could not be presented to the jury because defendant failed to establish by a preponderance of the evidence the criteria set forth in State v. Boleyn, 328 So.2d 95 (La. 1976), and State v. Schell, 492 So.2d 169 (La.App. 1 Cir.1986), writ denied, 496 So.2d 1042 (La.1986). As a result, the hearing was terminated and defendant was denied the opportunity to present more evidence. Defendant timely objected to all unfavorable trial court rulings.

ERRORS PATENT AND ASSIGNMENT OF ERROR NO. FIVE:
A review of the record reveals an error patent regarding La.C.Cr.P. art. 930.8 which provides that the defendant shall be advised of the prescriptive period applicable to post-conviction relief. La.C.Cr.P. art. 930.8 requires that at the time of sentencing the trial court shall inform the defendant of this prescriptive period. The record shows that the court did not so inform defendant. However, this apparent defect has no bearing on whether the sentence is excessive nor is it grounds for reversal. La.C.Cr.P. art. 921. Also, we note that the three year prescriptive period does not begin to run until judgment is final under La.C.Cr.P. art. 914 or 922, so in the instant case prescription has not yet commenced to run. Apparently the purpose of the notice requirement of art. 930.8(C) is to inform the defendant of the prescriptive period in advance; thus, the trial court is directed to inform defendant of the article's provisions. Therefore we find that this is harmless error and the trial court is ordered to send appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. Mock, 602 So.2d 776, 779 (La.App. 2 Cir.1992).
By this final assignment of error, defendant contends he was not properly Boykinized because the trial judge failed to inform him of the three (3) year limitation on filing applications for post-conviction relief as mandated by La.C.Cr.P. art. 930.8. This omission has been noted as an error patent and it should not result in reversal of defendant's conviction. State v. Mock, supra.
Therefore, this assignment of error, concerning an omission which will be remedied, is rejected as insufficient to warrant reversal of defendant's conviction and sentence.

*1329 ASSIGNMENTS OF ERROR NOS. ONE AND TWO:
By these assignments of error, which defendant has combined for the purpose of argument, the defendant contends the trial court erred in not allowing defendant to present testimony concerning homosexual rapes at LCIS and in terminating the hearing after defendant testified.
The extremely limited defense of necessity, or justification, for escape has five criteria all of which a defendant must establish:
"(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
(3) There is no time or opportunity to resort to the courts;
(4) There is no evidence of force or violence used towards prison personnel or other `innocent' persons in the escape; and
(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat."

State v. Boleyn, 328 So.2d 95, 97 (La.1976).
The trial court terminated the hearing because the defendant failed to meet the fifth criterion. In particular, the defendant's absence for nearly four years after his escape negated the fifth criteria that the escapee report to the proper authorities when he has attained a position of safety from the immediate threat. The effect of the trial judge's ruling was that no witness could establish that it took defendant three years and eight months to attain a position of safety from the immediate threats that caused him to escape on May 25, 1987. Unable to meet this fifth criterion, there was no way to lay the proper foundation for the justification defense; thus, to receive additional evidence on any of the other four criteria would be futile.
While this court would have great empathy for this defendant's plight, if we were to have a basis to assume that his testimony is true, and applaud the fact that he eventually turned himself in, we must agree with Judge Kay that to satisfy this fifth requirement for the justification defense, he should have made greater efforts sooner to turn himself into some law enforcement body, even if it were other than those connected with LCIS. Unfortunately, we cannot evaluate what effect, if any, the contact he may have made with Sheriff Lambert shortly after his escape would have on the fifth criterion as there was no testimony of the specifics of that contact. In fact, we only have the testimony of the defendant that a conversation even took place.
We therefore, affirm Judge Kay's ruling on these assignments of error as there was no manifest error.

ASSIGNMENTS OF ERROR NOS. THREE AND FOUR:
We will combine these assignments of error since they concern the excessiveness of defendant's sentence and the failure of the trial judge to comply with the sentencing guidelines.
Regarding defendant's assignments of error, La.C.Cr.P. art. 881.1 provides in full:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.

*1330 D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
After defendant pled guilty to simple escape, the defendant was sentenced on June 30, 1992, to forty-eight (48) months at hard labor to be served consecutively to his prior sentence for possession of marijuana with the intent to distribute. Counsel for defendant objected to the sentence but took no further action except to file a motion for appeal which was granted on July 7, 1992. Defendant's appellate brief was filed on September 28, 1992.
On November 13, 1992, four and one-half months after defendant was sentenced, counsel for defendant filed a motion to reconsider sentence. The ground for this supplemental motion is the same as the claim presented by assignments of error numbers 3 and 4 in defendant's appellate brief; that is, the trial court erred in imposing a sentence of imprisonment not in conformity with sentencing guidelines. This claim by the defendant is correct.
The defendant's original sentence was incorrect under the sentencing guidelines, but it was not illegal since the forty-eight (48) months, or four (4) year, sentence fell within the statutory sentencing range for simple escape which is not less than two (2) years and not more than five (5) years. The distinction between an illegal sentence and an incorrect sentence, or a sentence imposed not in conformity with the sentencing guidelines, is important because there may be procedural barriers to the trial court's action amending the defendant's sentence.
As noted above, La.C.Cr.P. art. 881.1A(1) requires that a Motion to Reconsider Sentence be filed within thirty (30) days after sentence is imposed or within such longer period as the trial court may set at sentencing. In the present case, the motion was filed over thirty (30) days after sentencing and, at his sentencing, the defendant did not request a longer period of time to file such motion. Paragraph B of Article 881.1 permits resentencing of a defendant during the pendency of an appeal if the motion to reconsider is filed or made under Paragraph A of Article 881.1, but the defendant in the present case has not done this. Therefore, La.C.Cr.P. art. 881.1B does not apply.
La.C.Cr.P. art. 916 provides that the jurisdiction of the trial court is divested and the jurisdiction of the appellate court attaches upon the entering of an order of appeal. In limited circumstances, the trial court may act during the pendency of an appeal. La.C.Cr.P. art. 916(3) permits the trial court to correct an illegal sentence or take other appropriate action pursuant to a properly filed motion to reconsider sentence. As noted previously, the defendant's original sentence was not illegal and the motion to reconsider sentence was not properly made or filed. Therefore, it appears that the trial court was without jurisdiction, or power, on December 21, 1992, to amend the defendant's sentence.
Only if the defendant's original sentence was considered illegal, then La.C.Cr.P. art. 881.5 would permit correction of the sentence at any time. The legislature appears to have gone to great lengths to distinguish between the treatment of illegal sentences and those which are incorrect or not conforming to the sentencing guidelines. Defendant's original sentence is legal, but simply not in conformity with the sentencing guidelines. La.C.Cr.P. art. 881.4D provides that the appellate court shall not set aside a sentence for failure of the trial court to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed. Further, La.C.Cr.P. art. 881.6 provides that no sentence shall be declared unlawful, inadequate or excessive solely due to the failure of the trial court to impose a sentence in conformity with the sentencing guidelines.
After reviewing these provisions of law, it appears that once a trial court makes an error in imposing a sentence which is legal but incorrect under the sentencing guidelines, a defendant can obtain relief solely by properly filing or making a motion to *1331 reconsider sentence. Because defendant in the present case did not properly file his motion to reconsider sentence, both this appellate court and the trial court should be precluded from amending defendant's original sentence. Defendant may raise this claim in an application for post-conviction relief. Therefore, the defendant is not absolutely barred from raising his claim, but he must wait until his appeal is complete to properly present his case.

CONCLUSION
We hold that defendant's conviction be affirmed. The omission by the trial court to inform the defendant of his rights provided by La.C.Cr.P. art. 930.8 is remedied by ordering the trial court to send written notice to the defendant of the three (3) years time limit in filing application for post-conviction relief and to file written proof that the defendant received the notice in the record of the proceedings. The ruling of the trial court denying the defendant's request to present a defense of justification for simple escape is correct, and any error from the termination of the pretrial hearing before the defendant could present other witnesses should be considered harmless.
The trial court's action in amending the defendant's original sentence while the defendant's appeal is pending before this court presents serious problems. The trial court did not have jurisdiction, or authority, to amend the defendant's sentence since it was legal but simply not in conformity with the sentencing guidelines. La.C.Cr.P. art. 916. Lacking authority to amend the defendant's sentence, the trial court's action on December 21, 1992, should be considered null and without effect. The defendant's claim will have to be raised in post-conviction relief proceedings. Therefore we find that defendant's amended sentence should be declared null and without effect.
The original sentence imposed on June 30, 1992 is affirmed.
AFFIRMED WITH INSTRUCTIONS.