CRAIN, Judge.
Michelis Gerome Thomas and a codefend-ant were charged by bill of information with possession with intent to distribute cocaine (count 1), a violation of La.R.S. 40:967(A), and possession with intent to distribute marijuana (count 2), a violation of La.R.S. 40:966(A). Pursuant to a plea agreement, defendant pled guilty to count 1, the state dismissed count 2 and a separately billed drug offense, and agreed not to charge defendant as a habitual offender. The court sentenced him to serve a term of five years imprisonment at hard labor, with credit for time served. Defendant has appealed, urging in a single assignment of error that the court erred when it imposed an excessive sentence and failed to comply with the requirements of La.C.Cr.P. art. 894.1. The disposition of the charges against the code-fendant are not before the Court in this appeal.
The facts of the offense and related drug activity are evident in the police reports which are attached to the presentence investigation report and in testimony presented in connection with motions. On the afternoon of May 4, 1990, an officer with the Zachary Police Department received a report from a confidential informant that two men and a woman were selling cocaine and marijuana from an automobile parked outside Vince’s Grocery Store in East Baton Rouge Parish. Upon arriving at the store, the police found defendant sitting in the driver’s seat of the vehicle. With him were the codefendant, the woman, and another man. After searching the vehicle and the immediate vicinity, the police seized eight plastic bags containing cocaine powder, approximately twelve plastic bags of marijuana, 58 marijuana cigarettes, over $138 in cash, drug paraphernalia, and a .25 caliber automatic pistol.
When questioned by the authorities, the woman admitted she had been with defendant and his cohort since about 6:30 a.m. that morning. She had observed them secure a large rock of cocaine from a dealer in Baton Rouge and then crush the cocaine to package it separately. She also saw them roll about 65 marijuana cigarettes before running out of papers. Throughout the morning and early afternoon, the men sold marijuana and cocaine from the automobile outside the store. Most of the sales were made from the driver’s side of the vehicle; and defendant in particular kept track of the cocaine sales. *29 Some of the sales were facilitated by men working for defendant who operated outside the vehicle,- approaching people as they arrived at the store. The woman explained that the men expected an increase in sales after 5:00 p.m. as it was a Friday and payday. While waiting to sell the drugs, defendant drank alcohol, smoked a lot of marijuana, and used cocaine.
A man the police observed walking away from the vehicle also gave a statement to the authorities. He admitted that he was in the process of purchasing marijuana when the police arrived.
In the assignment of error, defendant maintains his sentence is excessive and that the court failed to comply with La.C.Cr.P. art. 894.1. The basis for defendant’s argument is the court’s failure to place him on probation. Defendant argues the trial court should have considered probation because he is a first felony offender and “an excellent candidate for probation.” He faults the court for not citing any reasons in support of the sentence of imprisonment.
The penalty for possession with intent to distribute cocaine is imprisonment at hard labor for not less than five years nor more than thirty years. Additionally, the court may impose a fine of not more than fifteen thousand dollars. La.R.S. 40:967(B)(1). Thus, defendant’s sentence of five years imprisonment at hard labor complies with the statutory requirements.
Before sentencing defendant, the court noted that, under the Felony Sentencing Guidelines, defendant was ranked “F-3” on the grid. The designated sentencing range for “F-3” is 36 to 54 months. The court rejected the range suggested by the guidelines, cited the seriousness of the offense, and sentenced defendant to five years at hard labor. Almost two months later, defendant filed a motion to reconsider sentence, arguing the court “imposed an illegal and excessive sentence, and failed to comply with the sentencing guidelines of C.Cr.P. article 894.1.” The court denied the motion.
The failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See La.C.Cr.P. art. 881.1(D) (effective Jan. 31, 1992). The motion to reconsider must be filed within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence. La. C.Cr.P. art. 881.1(A)(1). If an order of appeal has been entered, the sentence is legal, and the motion to reconsider sentence is not properly filed, the trial court is without jurisdiction to take any action concerning the motion. See La.C.Cr.P. art. 916(3); State v. Slaid, 614 So.2d 1326, 1330 (La.App. 3d Cir.1993).
In this case, defendant filed his motion to reconsider sentence more than thirty days following the imposition of sentence, and the trial court did not set a longer period of time at sentence. Accordingly, defendant did not comply with the requirements of article 881.1 and is barred proeedurally from having the assignment of error reviewed.
Even if we were to review the merits of defendant’s claim of excessiveness, we would find no merit in the assignment. The five year sentence imposed upon defendant is the minimum term allowed by the statute. See La.R.S. 40:967(B)(1). Thus, the court was required to impose that term although it exceeds the range suggested by the guidelines. Louisiana Felony Sentencing Guidelines § 211, 18 La.Reg. 48 (Jan. 20, 1992). Defendant’s classification of “F-3” placed him in the discretionary sanction zone. In this zone, the court is required to consider whether to sentence to incarceration, to an intermediate sanction (such as probation), or to a combination thereof “depending upon the circumstances of the particular case.” § 207(C)(2), 18 La.Reg. 47 (Jan. 20, 1992). The circumstances of this particular case certainly justify imposition of a term of imprisonment. The facts show defendant’s heavy involvement in drug trafficking. Although defendant does not have an extensive criminal record, his previous conviction for possession of marijuana (in 1985) and the facts of this case show his persistent use of illegal drugs. Significantly, defendant refused to cooperate with the officer who prepared the PSI; he did not appear for an interview and failed to provide the agent with information *30 concerning his social background and financial status. Thus, defendant is not an appropriate candidate for probation. Although the court did not cite extensive reasons in support of its decision to imprison defendant, the record certainly supports the sentence imposed. See La.C.Cr.P. art. 881.4(D).
The assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.