| iCOOKS, Judge,
dissenting.
I must respectfully dissent. Relying on State v. Bennett the majority has decided to close the Louisiana Code of Criminal Procedure because the answer found in this printed text compels the release of defendant. I too cry for the victim of defendant’s crime; but, courts do not legislate nor prosecute. State v. Veazey, 337 So.2d 1163 (La.1976). The follies which force defendant’s release cannot be “engrafted away.”
The majority correctly concludes the trial court erred in granting defendant’s motion in arrest of judgment. But this conclusion comes too late. This Court lacks jurisdictional authority to tamper with the trial court’s ruling rendered on November 23, 1993 and filed in the record the next day, though it is the product of clear error.
Louisiana Code of Criminal Procedure Article 914 provides in pertinent parts:
“A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than: (1) Five days after the rendition of the judgment or ruling from which the appeal is taken.”
The State did not appeal the ruling within the delay period. Instead, the State sent a letter to the trial judge six weeks later, on January 7, 1994, requesting that he re-evaluate his ruling. The State did not deny that it received a copy of the ruling by mail shortly after its rendition. The State merely informed that a copy of the transcript had just been received by it. Over the objection of defendant, the trial judge decided to entertain the State’s request for re-evaluation of his earlier |2ruling; and, on April 20,1994 the trial judge reversed the ruling which acquitted defendant. Defendant filed a timely appeal seeking reversal of the April 20, 1994 ruling and reinstatement of the ruling acquitting him.
At the time the State filed its request by letter, the trial court’s jurisdictional authority was divested; and, it was powerless to entertain the State’s untimely request. State v. Higginbotham, 470 So.2d 648, 650 (La.App. 1st Cir.1985); State v. Braxton, 428 So.2d 1153,1154 (La.App. 3d Cir.1983); State v. Slaid, 614 So.2d 1326 (La.App. 3d Cir. 1993). The State even to this day has not *51 filed an appeal nor submitted a request for an out-of-time appeal with this Court, the only option available to it once the delays expired. The State has not even submitted a brief in response to the present appeal. Like the trial court, we are powerless to grant an out-of-time appeal exparte; and, bidden from practicing law. we are for-