JiWRIT GRANTED AND MADE PEREMPTORY: Relator was convicted of the charged offense and is currently incarcerated, therefore habeas relief is not available to the relator. See La.Code Crim.P. art. 351. However, arbitrary requirements of form and pleading should not be allowed to obstruct access to judicial review. See State v. Higginbotham, 470 So.2d 648 (La.App. 1 Cir.1985); State ex rel Johnson v. Maggio, 440 So.2d 1336 (La.1983). Therefore, the trial court erred in failing to consider relator’s petition as an application for post-conviction relief. As relator’s conviction is final, relator can apply for post-conviction relief. See La.Code Crim.P. art. 924.
Accordingly, we therefore vacate and set aside the trial court’s ruling and remand the relator’s application to the trial court, first to consider if an exception to the time limitations of La.Code Crim.P. art. 930.8 exists, and if such an exception exists, to dispose of the application in accordance with the provisions of La.Code Crim.P. art. 924, et seq.